

FILED
CLERK, U.S. DISTRICT COURT

JUN -2 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GIB DONALD MARSH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>G. MARTINEZ, et al.,<br><br>　　　　Respondent. | No. CV 11-4033-GAF (PLA)<br><br>**ORDER RE: SUMMARY DISMISSAL OF ACTION FOR LACK OF JURISDICTION** |

On May 11, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). The Petition form is incomplete, as petitioner either lined-out or wrote the phrases "not applicable" and "does not apply" in most of the sections of the form. (See Petition at pp. 2-7). Petitioner filed the instant Petition along with a "Motion and Writ to Compel Document Production" (the "Motion"), in which he seeks to compel the production of documents pursuant to subpoenas issued against persons and entities located within the Central District of California in connection with an action pending in the United States District Court for the Southern District of California, Case No. CV 09-2491-JAH (CAB).[1] The

---

[1] Petitioner attached to his Motion orders from the court in the Southern District in Case No. CV 09-2491-JAH (CAB) denying petitioner's request to issue and enforce subpoenas against persons and entities located within the Central District on the basis that a subpoena for inspection
(continued...)

Motion was assigned a different case number than the instant Petition (i.e., Central District Case No. 11-4482-UA (DUTY)). The Court addresses herein only the instant Petition, and concludes that it must be dismissed for lack of jurisdiction.

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas petition must specify the grounds for habeas relief that the petitioner is seeking as well as the facts supporting each ground. See Rule 2(c), Rules Governing Habeas Corpus Cases, 28 U.S.C. Foll. § 2254; Mayle v. Felix, 545 U.S. 644, 649, 125 S.Ct. 2562, 2566, 162 L.Ed.2d 582 (2005). The Court may dismiss a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases, 28 U.S.C. Foll. § 2254). "Rule 4 explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." Id.

Here, given the context provided by the Motion, it is evident that petitioner does not intend to challenge the legality of any conviction or otherwise claim that he is in custody in violation of the Constitution or laws or treaties of the United States. He asserts no grounds for habeas relief, and provides no information concerning exhaustion of claims. Instead, most of the details he provides relate to his Southern District case. It thus appears that petitioner is mistakenly using his habeas Petition as a vehicle to attempt to compel the production of discovery pursuant to subpoenas served on persons and entities within the Central District. (See Motion). The Court therefore concludes that the jurisdictional requisite for a § 2254 petition has not been met here. See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); Badea v. Cox, 931 F.2d 573, 574 (9th Cir.

---

[1](...continued)
or production of documents must be issued from and enforced by the district court in the district where the inspection or production is to be made. (See Motion at 3, 5; Motion Exhibit Nos. 1, 3 (citing Fed.R.Civ.P. 45 (a)(2)(C))).

1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.") (internal quotation marks omitted); Hartman v. Summers, 878 F.Supp. 1335, 1347 n.15 (C.D. Cal. 1995), aff'd, 120 F.3d 157 (9th Cir. 1997) ("the Ninth Circuit has made clear that habeas petitions are limited to attacks upon the legality or duration of confinement").

Based on the foregoing, **IT IS ORDERED THAT** the Petition be summarily **dismissed** for lack of jurisdiction. See Rule 4 of the Rule Governing Section 2254 Cases in the United States District Courts; Local Rule 72-3.2.

DATED: 6/2/11

HONORABLE GARY A. FEESS
UNITED STATE DISTRICT JUDGE